**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Lee Carson, | No. CV-19-00827-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On March 6, 2020, Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R") recommending the Court deny Petitioner Phillip Lee Carson's petition for writ of habeas. (Doc. 40). According to the R&R, the petition is untimely by over twenty years. Petitioner filed objections but those objections do not establish any error in the R&R's analysis regarding timeliness. Therefore, the R&R will be adopted.

## BACKGROUND

The background facts are undisputed. In 1992, Petitioner was convicted of first-degree murder and sentenced to life in prison with the possibility of parole. Petitioner was also sentenced to a total of 7.5 years' imprisonment on other charges, with those sentences to be served consecutive to the sentence for murder. Petitioner filed a direct appeal. On April 18, 1995, the Arizona Court of Appeals corrected a clerical error in one of the sentences but affirmed the convictions and sentence in all other respects. *State v. Carson*, No. 1 CA-CR 15-0691 PRPC, 2017 WL 4171876, at *1 (Ariz. Ct. App. Sept. 21, 2017).

Shortly after his direct appeal was decided, Petitioner filed a petition for post-

conviction relief in the state trial court. That petition was denied on December 13, 1995. There is no record that Petitioner sought review of that denial.

In 2015, Petitioner attended a parole hearing. At that hearing, Petitioner allegedly learned that his victim "had a 'known reputation' for having two guns in the truck he was driving immediately before he exited the vehicle and was confronted and shot by [Petitioner]." *State v. Carson*, No. 1 CA-CR 15-0691 PRPC, 2017 WL 4171876, at *1 (Ariz. Ct. App. Sept. 21, 2017). Petitioner allegedly learned this through testimony by, among others, the victim's son. According to Petitioner, the victim's son testified at Petitioner's trial that his father did not carry weapons. (Doc. 44 at 6). Thus, Petitioner now believes the victim's son, and others, committed "perjury" at the original criminal trial. (Doc. 44 at 5).

Shortly after the parole hearing, Petitioner filed a new petition for post-conviction relief in state court. The state courts concluded that petition was untimely and that it lacked merit. On February 7, 2019, Petitioner filed his federal petition for a writ of habeas corpus. (Doc. 1).

**ANALYSIS**

In April 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") took effect. AEDPA imposed a one-year statute of limitations on federal habeas petitions by state prisoners. AEDPA provided four possible dates for when this one-year period begins to run: when "direct review becomes final, an unlawful state-created impediment to filing is removed, a new constitutional right is made retroactively available, or the factual predicate of the claim(s) presented could have been discovered with due diligence." *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011). The one-year period runs from the latest of these four possibilities. 28 U.S.C. § 2244(d)(1). For individuals, such as Petitioner, "whose conviction became final prior to AEDPA's enactment, the statute of limitations started running the day after AEDPA's effective date and expired on April 24, 1997." *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1058 (9th Cir. 2007).

Here, it is undisputed that Petitioner's direct review ended in 1995. There is no

dispute, therefore, that, using the first possibility of the statute of limitations beginning when "direct review [became] final," the petition was due long ago. *Lee*, 653 F.3d at 933. Petitioner presents no argument that is direct review did not, in fact, end in 1995. Similarly, on the second and third possibilities for when the statute of limitations might begin, Petitioner does not claim there was a "state-created impediment to filing" earlier nor does he claim some new right has been made retroactively applicable to him. *Id.* Thus, the first three starting points for the statute of limitations are not relevant.

That leaves only the fourth possibility that "the factual predicate" for Petitioner's claims was only recently discovered. *Id.* Petitioner attempts to invoke this possibility by claiming the statute of limitations did not begin until 2015 when he attended his parole hearing. It was at that hearing that he allegedly learned of the "perjury" regarding the victim carrying weapons at the time of the murder. Petitioner initiated post-conviction relief proceedings in state court shortly after his parole hearing and those proceedings were pending until February 2018. Thus, Petitioner believes the one-year statute of limitations began in 2015, was tolled while his state post-conviction relief proceedings were pending, and had not expired when he filed his federal petition in February 2019. Petitioner's calculation is incorrect because it is undisputed that Petitioner was aware of the relevant information long ago. Therefore, the statute of limitations did not begin in 2015.

For purposes of the provision allowing the statute of limitations to begin only when the "factual predicate" of the claims is discovered, that provision requires the petitioner have exercised "due diligence" in trying to discover the claims. 28 U.S.C. § 2244(d)(1)(D). "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). This is an "objective standard" but "a court also considers the petitioner's particular circumstances." *Id.* And the statute of limitations will not begin later if the evidence at trial, or Petitioner's own knowledge, gave "ample reason for a reasonable person . . . to investigate further." *Id.* at 1236.

Here, as best as the Court can discern, Petitioner believes there was false testimony

offered at his trial that the victim did not carry weapons. Petitioner describes witnesses at his trial as offering such testimony but then contradicting that testimony at the later parole hearing. According to Petitioner, this "perjury" supports claims under *Brady* as well as claims involving "due process, 5th and 14th Const. Amend., . . . fair trial and prosecutorial misconduct." (Doc. 44 at 11). While exceptionally difficult to understand, Petitioner appears to be arguing the "state prosecutor knew or should have known that his key witnesses were committing perjury on the stand." (Doc. 44 at 13). Allowing that perjury and not disclosing that perjury to Petitioner at the time of trial allegedly resulted in Petitioner being convicted of a crime he did not commit. The problem for Petitioner is that he knew of the alleged "perjury" at the time of his trial.

According to Petitioner's own filings in the present case, at the time of his trial in 1992, he "knew from personal observations that [the] victim put a sawed-off shotgun and a pistol in his vehicle every-day [sic] when he went to work." (Doc. 25 at 13). Given that knowledge, it is impossible that Petitioner only learned of the alleged "perjury" as of 2015. Petitioner's own statements prove he knew of the "perjury" at the time of his trial. Petitioner has not offered any explanation why, given his own knowledge, he did not assert claims based on the alleged "perjury" much, much earlier. Instead of exercising due diligence, Petitioner waited over twenty-five years to file his federal petition. Petitioner is not entitled to start the one-year limitations period in 2015 given that Petitioner knew of the alleged new evidence all along.[1] The federal petition must be dismissed as time-barred.

Finally, after filing his objections, Petitioner began filing numerous miscellaneous motions. Many of those motions request the Court "transcribe" certain documents for purposes of the record.[2] While unclear, those motions appear to request certain documents

---

[1] Petitioner has not established he is entitled to equitable tolling because he was not diligently pursuing his rights nor were there "extraordinary circumstances" preventing him from filing earlier. *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020). Moreover, while there is an "actual innocence" exception to the one-year statute of limitations, Petitioner has not offered sufficient evidence of such innocence. *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

[2] As of the date of this Order, Petitioner has filed nine motions regarding the "transcribing" of the record. (Doc. 52, 54, 56, 60, 64, 69, 71, 72, 76). And Petitioner has filed three motions using different titles but also attempting to make documents part of the record. (Doc. 58, 59, 67). Respondents moved to strike some of these documents. (Doc. 55).

be made part of the federal record.³ The documents Petitioner references are not needed to resolve the timeliness of his petition. Therefore, the motions involving "transcribing" will be denied. Petitioner also filed three motions connected to some sort of DNA testing he is seeking in state court. (Doc. 57, 74, 75). Again, those motions do not impact the timeliness of the petition and will be denied. Next, Petitioner filed a motion for an evidentiary hearing. (Doc. 70). No hearing is needed to determine the petition is untimely.⁴ And finally, Petitioner filed a motion to stay, requesting a "stay . . . until [the] DNA issue is resolved." (Doc. 61 at 2). There is no basis to believe the "DNA issue" will impact the timeliness of the petition. Thus, that motion will also be denied.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 40) is **ADOPTED**. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is denied because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** all pending motions (Doc. 52, 54, 55, 56, 57, 58, 59, 60, 61, 64, 67, 69, 70, 71, 72, 74, 75, 76) are **DENIED**.

**IT IS FURTHER ORDERED** the Appeal (Doc. 32) is **DENIED**.

Dated this 6th day of August, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge

---

³ Petitioner references Federal Rule of Civil Procedure 72(b)(2). That rule discusses "transcribing the record." That language, however, is aimed at transcribing the record from proceedings that occurred in front of the Magistrate Judge, such as hearings conducted by the Magistrate Judge.

⁴ Petitioner filed an appeal of an order by the Magistrate Judge denying a previous request for an evidentiary hearing. (Doc. 32). Petitioner is not entitled to a hearing and the appeal will be denied.